IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD FRANCIS MACKAY, JR.<br>**Plaintiff,**<br><br>v.<br><br>KEENAN MERCEDES BENZ, et al.,<br>**Defendants.** | :<br>:<br>:<br>:<br>: CIVIL NO. 11-5134<br>:<br>:<br>:<br>: |

**FILED**

OCT 28 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>ORDER</u>

Now before the Court this 28th day of October, 2011, is *pro se* Plaintiff Donald Francis MacKay, Jr.'s "Petition for Mistrial/Request Case Reassignment" [Doc. No. 14]. The Court construes Plaintiff's "Petition for Mistrial" as a further request for reconsideration of this Court's August 30, 2011 Order [Doc. No. 4], which denied Plaintiff's request to reconsider dismissal of his Complaint [Doc. No. 5, titled "Motion to Inform Court"]. The Court construes Plaintiff's "Request Case Reassignment" in the nature of a request for recusal.

As in his initial Complaint [Doc. No. 3], Plaintiff's latest Petition asserts that he is a dual citizen of Canada and Pennsylvania.[1] Plaintiff brought this action against two named Defendants: (1) "Keenan Mercedes Benz" of Doylestown, Pennsylvania; and (2) "Mercedes Benz Parent Company Dailmer [sic] Benz" of "Stutgart [sic], Germany"[2] [Doc. No. 3]. Whether the Court

---

[1] In various filings, Plaintiff has claimed that he is a citizen of "PA, USA & Ontario, Canada" [Doc. No. 3]; that he "holds Canadian citizenship" and "was traveling in USA [sic]" at the time of the underlying incident [Doc. No. 4]; that he is "not a Permanent resident," but "visit[s] an [sic] my late mothers [sic] estates [sic] house at 7022 Crease Lane, Phil, PA 19128" [Doc. No. 9]; that he "is [sic] dual citizenship and is a resident of PA" [Doc. No. 13]; and, in the Petition under consideration here, that he "has dual citizenship Canada & U.S. [sic] and Resident of PA [sic]." At all times Plaintiff has provided 7022 Crease Lane, Philadelphia, PA 19128 as his address.

[2] Keenan Motors, Ltd. is a business incorporated in Pennsylvania, with a registered office address of 4311 West Swamp Road, Doylestown, PA 18901. Daimler AG is a German manufacturer of automobiles under the brand name Mercedes-Benz, headquartered in Stuttgart, Germany.

considers Plaintiff a Canadian citizen, a Pennsylvania citizen, or both, he cannot proceed against all named Defendants under 28 U.S.C. § 1332(a)(3). As the Court explained in its August 30th Order, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . . For the purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."

For parties with dual citizenship, only American nationality and domicile is relevant in determining diversity jurisdiction.[3] Therefore, if Plaintiff is a citizen of both the United States and Canada, residing in Pennsylvania—as he claims—then Plaintiff is not diverse from Pennsylvania Defendant Keenan, and cannot proceed under Section 1332(a)(3).[4] If Plaintiff holds only Canadian citizenship, but is a permanent resident alien domiciled in Pennsylvania, he is considered a "citizen" of Pennsylvania for diversity purposes and cannot proceed under Section 1332(a)(3).[5] Finally, if Plaintiff holds only Canadian citizenship, and has no permanent resident status in the United States, he may not proceed regardless of Defendants' citizenship,

---

[3] See, e.g., Frett-Smith v. Vanterpool, 511 F.3d 396, 399-400, 400 n.6 (3d Cir. 2008) ("'[F]or a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332. Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a State diverse from that of adverse parties.'") (quoting Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996)).

[4] Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 497 (3d Cir. 1997) ("[Section 1332(a)(3)] plainly requires that the dispute be between citizens of different states.").

[5] Singh v. Daimler-Benz AG, 9 F.3d 303, 306 (3d Cir. 1993); Karazanos v. Madison Two Assocs., 147 F.3d 624, 627 (7th Cir. 1998) (if foreign citizen is permanent resident alien of same state as defendant, he cannot proceed under § 1332(a)(3)).

because Section 1332(a)(3) requires that citizens of a State appear on both sides of the controversy.[6] Consequently, Plaintiff's Complaint was dismissed without prejudice for lack of jurisdiction [Doc. No. 2].

Plaintiff moved for reconsideration of that dismissal [Doc. No. 4], which the Court denied. Plaintiff then filed two notices of appeal from that denial to the Third Circuit [Doc. Nos. 7, 10], a petition to the United States Supreme Court [Doc. No. 9], and a second motion for reconsideration [Doc. No. 13]. As the Court explained in its October 14, 2011 Order [Doc. No. 12][7] denying Plaintiff's second motion for reconsideration, Plaintiff's multiple appeals have divested this Court of jurisdiction to consider further motions regarding diversity.[8] Therefore, the Court must also deny Plaintiff's latest request for reconsideration.

Plaintiff's "Request Case Reassignment" appears to ask that the undersigned judge recuse herself from this matter, and that his case be reassigned to another judge in the District Court for the Eastern District of Pennsylvania. Because the Court does not currently have jurisdiction over this matter, this request is not ripe for the Court's consideration. Nevertheless, the Court sees no basis for this request, as Plaintiff has alleged no conflict of interest, actual bias, or appearance of bias on the part of the undersigned judge, but only his disagreement with the Court's procedural orders thus far.[9]

---

[6] See Dresser, 106 F.3d at 499 (holding that cases between aliens on one side and aliens and citizens on the other do not fit the "jurisdictional pigeonholes" of either 28 U.S.C. § 1332(a)(2) or (a)(3)).

[7] Plaintiff has also filed a Notice of Appeal to the Third Circuit from this Order [Doc. No. 15].

[8] See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[9] The Third Circuit has stated repeatedly that a party's displeasure with legal rulings does not form an adequate basis for recusal. See, e.g., Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999); Jones v. Pittsburg Nat'l Corp., 899 F.2d 1350, 1356 (3d

For the aforementioned reasons, it is hereby **ORDERED** that Plaintiff's Petition for Mistrial and Request for Case Reassignment is **DISMISSED** for lack of jurisdiction. The Clerk of Court shall continue to mark this action closed.

It is so **ORDERED.**

**BY THE COURT:**

*/s/ Cynthia M. Rufe*

**Hon. CYNTHIA M. RUFE**

---

Cir. 1990).